Rita M. HALLETT (MULLIN) v.
Stephen MULLIN

[583 A.2d 101]

No. 90-495

October 29, 1990. Plaintiff's complaint for extraordinary relief is dismissed. Insofar as plaintiff's pleadings in this Court may be construed as an appeal pursuant to 15 V.S.A. § 1109 from the Chittenden Family Court's order denying plaintiff's complaint for relief from abuse filed October 24, 1990, we affirm.

Plaintiff's attempt to bypass the Chittenden Family Court by seeking ex parte relief from abuse in the Windsor Family Court was appropriately met by order of the Windsor Family Court filed October 22, 1990, transferring jurisdiction to Chittenden Family Court and consolidating it with the post-divorce proceedings between the parties. V.R.C.P. 80(n)(2) relied upon by plaintiff was designed to protect defendant's due process concerns, not a vehicle to gain unfair advantage by forum shopping.

In re ESTATE of Raymond A.
BLAIS

[583 A.2d 1275]

No. 89-009

November 8, 1990. The requirement of signatures of three attesting witnesses for a valid will under 14 V.S.A. § 5 is in accord with the United States Constitution, which leaves to the states to determine the requirements for testamentary transfers. *United States v. Fox*, 94 U.S. 315, 321 (1876). The requirement of three witnesses, though less common than the requirement of two, is a matter of legislative, not judicial, concern. See *In re Wilson's Estate*, 119 N.H. 425, 426, 402 A.2d 197, 198 (1979).

*Affirmed.*